IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BILLY CLAIR KILLINGSWORTH,**

    Plaintiff,

vs.                                                 Civ. No. 10-143 MCA/ACT

**WAYNE QUINTANA,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant's Court Ordered *Martinez* Report filed July 6, 2010 [Doc. 12]. This case was referred to the undersigned United States Magistrate Judge on February 19, 2010, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1) [Doc. 3]. Having considered the pleadings and the relevant law, the undersigned recommends that Plaintiff's exhausted claims be dismissed with prejudice, Plaintiff's unexhausted claim be dismissed without prejudice and Plaintiff's Complaint be dismissed.

## PROPOSED FINDINGS

    1.    This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by Billy Clair Killingsworth ("Plaintiff"). Plaintiff alleges that Defendant Wayne Quintana ("Defendant") sexually harassed him. Complaint, Doc. 1. On February 26, 2010, the Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed Defendant Leonard Manzanares [Doc. 4]. On April 29,

1

2010, Defendant filed an Answer [Doc. 8]. On June 10, 2010, the Court ordered Defendant to file a *Martinez* report. Defendant Quintana filed his *Martinez* report on July 6, 2010 [Doc. 12]. Plaintiff responded on August 3, 2010 [Doc. 14].

2. Plaintiff's claim of sexual harassment is a claim under the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend VIII. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). The Eighth Amendment requires that "[p]rison officials...ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832.

3. In order to hold prison officials liable for violating an inmate's Eighth Amendment rights, two requirements must be met. First, the alleged deprivation must be objectively serious enough to establish a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294 (1991). The alleged conduct must be of a "sort 'repugnant to the conscience of mankind.'"*Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The second requirement requires plaintiff to show a subjective component under which the prison officials acted with a sufficiently culpable state of mind. A plaintiff satisfies the second requirement by showing that the prison official acted "'maliciously and sadistically for the very purpose of causing harm.'" *Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) (*quoting Whitley*, 475 U.S. at 320-21.).

4. In Plaintiff's Complaint, he makes specific allegations. On the morning of February 16, 2009, Defendant told Plaintiff "not to be taking any hot dogs to the shower." Doc. 1 at 3. He

also told another prison officer to check Plaintiff's "towel for hot dogs." *Id.*  He alleges that the sexual harassment by Defendant was "an ongoing issue over several months..." *Id*. at 3A.  He further alleges that Defendant called him an "old fart." *Id.*  When hot dogs are served for lunch, Plaintiff alleges that Defendant says "here comes your favorite meal." *Id*.  He further alleges that when he is in the "strip cage, [Defendant] tells the officer performing the strip to check my anus for contraband." *Id*.  He alleges that at one point Defendant "held up what appeared to be a black shrunken up banana and ask if I wanted it." *Id.* at 3B.

Exhaustion of remedies.

5. The Prison Litigation Reform Act ["PRLA"] sets out express limitations for prisoners that must be met prior to proceeding with a viable lawsuit.  Under 42 U.S.C. §1997e(a) of the PRLA a prison inmate is required to complete the prison administrative process before suing over prison conditions.  *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court.  The hope is that some prisoner litigation may be avoided, and the suits which are brought have better documentation for the court to consider.  *Woodford v. Ngo*, 548 U.S. 81 (2006).

6. Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective.  Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.  *Booth,* 532 U.S. at 740.  The PLRA's exhaustion requirement applies to all suits arising out of prison life.  *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  "[T]he substantive meaning of §1997e(a) is clear: resort to a prison grievance process must precede resort to a court."  *Steele v.*

*Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan*, 304 F.3d at 1032.

7. In a suit governed by the PRLA, the burden of proof of the exhaustion of administrative remedies issue is on the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff and (2) the plaintiff failed to exhaust these remedies. *Purkey v. CCA*, 263 Fed. Appx. 723 (10th Cir. 2008).

8. Plaintiff filed one grievance that mentioned sexual harassment.[1] In that grievance he states that the date of the incident was February 16, 2009 and asserts what he has alleged in his Complaint with the exception of the allegation regarding the strip search. The strip search was not mentioned in his grievance.

9. Whether Plaintiff has failed to exhaust his claim regarding the strip search must be determined by the relevant grievance procedures. *Jones*, 549 U.S. at 218. ("Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")

10. The Court has reviewed the policy entitled "Inmate Grievance" of the New Mexico Corrections Department that was provided by the Defendant in his *Martinez* report. It states in part:

---

[1] Plaintiff filed five other grievances during the relevant time frame; three grievances involves food service, one involved his classification level and one concerned his mail service.

Definitions:

    E.    Grievance: A written complaint by an inmate on the inmate's own behalf regarding a policy applicable within an institution, a condition in an institution, or an incident occurring within an institution.

........

    M.    Sexual Misconduct: Any behavior and/or act of a sexual nature directed towards an offender by another offender, a Department employee, contractor, volunteer, visitor or Department representative. This includes acts or attempts to commit acts including, but not limited to, sexual assault, sexual abuse, sexual harassment, sexual contact, conduct of a sexual nature by implication, kissing, hugging, sexual gratification of any party, obscenity or unreasonable invasion of privacy by the act of observing or attempting to observe, or interfering in an offender's personal, intimate routines unrelated to the necessary performance of required job duties. Sexual misconduct also includes, but it is not limited to, conversations, or correspondence of a romantic or sexual nature between an offender and any Department employee, contractor, volunteer, visitor, or Department representative.

POLICY:

    3.    Upon arriving at the Reception and Diagnostic Center, inmates will be presented with written notification [which will include]:

        a.    A list of matters that are grievable and non-grievable.

    D.    Grievability:

        b.    Individual employee actions.
        ......
        e.    Department personnel sexual misconduct.

PROCEDURES:

    A.    Inmate's Responsibility:

        6.    The inmate must complete a separate grievance form for each issue grieved.
        ........

        11.    Inmates filing grievance alleging staff sexual misconduct will have the ability to complain confidentially by filing an **Inmate Grievance** Form (CD-150501.1). Inmates may utilize(sic) a general mailbox, grievance mailboxes, or submit to staff members. Such grievances

will be considered an "Emergency," therefore, inmates shall expect to be contacted expediently.

Based on Plaintiff's grievance and the grievance policy in place at the facility Plaintiff was incarcerated, Plaintiff did not exhaust his administrative remedies as to any claim concerning strip searches. [2] However, he did exhaust his remaining claims. Thus, the Court will address Plaintiff's exhausted claims. *Jones*, 549 U.S. at 223.

11.     The exhausted claims are claims of verbal sexual harassment. Verbal sexual harassment does not constitute a violation of an inmate's Eighth Amendment rights. *Adkins v. Rodriquez*, 59 F.3d 1034, 1037-38 (10th Cir. 1995) ("[w]hile she has described outrageous and unacceptable conduct," it did not give rise to a constitutional violation because "in the context of Eighth Amendment precedent...we cannot infuse defendant's words of sexual harassment with the sort of violence or threats of violence cognizable in the confinement cases the [Supreme] Court has addressed.") *Id.* at 1037. *See also Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998) ("Although plaintiffs allege Mr. Pulsipher subjected them to severe verbal sexual harassment and intimidation, these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment.").

12.     Plaintiff's allegations of verbal sexual harassment do not give rise to a constitutional violation. The alleged conduct is not of a "sort 'repugnant to the conscience of mankind.'" *Hudson,* 503 U.S. at 8. Thus, Plaintiff's exhausted claims of verbal sexual harassment should be dismissed

---

[2]The Court also notes that Special Investigations/Internal Affairs conducted an investigation into Plaintiff's allegations and a report from Marla Perez ("Perez"), dated April 7, 2009 was included in Defendant's Martinez report. Perez interviewed, among others, the Plaintiff. Plaintiff basically stated what was in his grievance and his Complaint. His only statement concerning strip searches was that the Defendant stated his sexual innuendos "usually at the time [the Plaintiff] was going to recreation coming back from recreation during the time he was strip searched." Doc. 12 at 205.

with prejudice.

## RECOMMENDED DISPOSITION

The Court recommends that Plaintiff's exhausted claims be dismissed with prejudice and Plaintiff's unexhausted claim be dismissed without prejudice and Plaintiff's Complaint be dismissed.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the fourteen (14)-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**